**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
RICHARD C. TRIANO,

                              Plaintiff,

              - against -

TOWN OF HARRISON, NY, P.O. STEPHEN
BARON, TOWN OF HARRISON POLICE
DEPT.,
-----------------------------------------------------------x

09 CIV 6319 (KMK)

**AMENDED COMPLAINT**

### A Trial by Jury is Demanded

    Plaintiff, RICHARD C. TRIANO, by his attorneys, GASH & ASSOCIATES, P.C., complaining of the defendants, respectfully shows and alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.     This is a civil action seeking monetary relief, a declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986; assault; battery; negligence; and other state-law causes of action.

2.     Specifically, the Plaintiff alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive him of his Constitutional rights, pursuant to the above mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3.     Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully searched, seized, entered Plaintiff's premises without a search

warrant, harassed, abused, used excessive force, assault and battered Plaintiff without authority or justification.

4.    Plaintiff alleges that the Defendants (collectively and individually) were negligent in their failure to conduct a proper investigation and/or follow proper procedures in violation of the Plaintififf's Constitutional and civil rights.

5.    Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring and supervising its Police Officers.  Additionally, Defendants are liable to the Plaintiff for encouraging such civil rights violation and in failing to properly investigate and punish the actions of the Defendant police officers, among other things.

6.    As a result of Defendants' actions (or lack thereof), Plaintiff incurred significant cost and expenses, including but not limited to: physical and psycological injuries, medical bill/costs, and other expenses.

7.    Plaintiff timely served and/or filed a Notice of Claim on Municipal Defendants TOWN OF HARRISON and TOWN OF HARRISON POLICE DEPT., in accordance with New York State's General Municipal Law § 50-e.

8.    Thereafter, on March 22, 2007, the Municipal Defendants conducted a hearing and/or examination of the Plaintiff pursuant to New York State's General Municipal Law § 50-h.

9.    More than 30 days have elapsed and defendants have neglected or refused to make any adjustment or payment thereof.

10.   On June 29, 2007, within one year and 90 days after the accrual of the state causes of action, the Plaintiff commenced an action by filing a Summons with Notice in New York State Supreme Court, Westchester County (Index No.: 11819/07).

11.   On July 26, 2007, the Municipal Defendants removed the matter to the United States

2

District Court for the Southern District of New York (Docket No.: 07 CV 6710).

12.     The said Defendants moved to dismiss the action for Plaintiff's failure to file and serve a

       Complaint in Federal Court.

13.     On December 14, 2007, the Court so-Ordered a stipulation discontinuing the 2007 action

       without prejudice.

14.     As the prior action was not dismissed with prejudice, the Plaintiff was not barred from

       commencing another action.

15.     Plaintiff commenced the instant *Pro Se* action on June 24, 2009.

## JURISDICTION AND VENUE

16.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

17.     This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's

       State Law claims pursuant to 28 U.S.C. § 1367.

18.     Venue in the Southern District of New York is proper under 28 U.S.C. § 1391, based on

       the fact that the Plaintiff resides in Westchester County. Furthermore, the place where

       the events and violations herein alleged occurred was in the Town of Harrison,

       Westchester County.

## PARTIES

19.     Plaintiff, RICHARD C. TRIANO (hereinafter referred to as "TRIANO"), is a resident of

       the Town of Harrison, located in Westchester County.

20.     Defendant, TOWN OF HARRISON (hereinafter referred to as "HARRISON"), is a duly

       constituted municipal corporation of the State of New York. Defendant HARRISON

       formed and has direct authority over several different departments, including the TOWN

       OF HARRISON POLICE DEPT. The aforementioned department and/or the employees,

agents or representatives of the department is directly involved in violations that are at
issue in this Complaint.

21.    The TOWN OF HARRISON POLICE DEPT. (hereinafter referred to as 'POLICE
       DEPT."), was and is an agency of HARRISON.

22.    Defendant P.O. STEPHEN BARON (hereinafter referred to as "BARON"), is an officer
       employed by HARRISON, under the direction of the POLICE DEPT., and was acting in
       furtherance of his scope of employment, acting under color of statutes, ordinances,
       regulations, policies, customs, and usages of the State of New York, and/or HARRISON,
       and acting in their individual and official capacities.

## FACTUAL ALLEGATIONS

23.    On July 2, 2006, at or about 9:30 PM, the Plaintiff was in his home, located at 129 E.
       Columbus Avenue, Apt. 1B, West Harrison, New York.

24.    The Defendant BARON came to Plaintiff's home to investigate an alleged theft of
       services regarding a taxi cab fare.

25.    The Defendant BARON rang the front door of Plaintiff's apartment, at or about
       10:00 PM, and when plaintiff's his mother opened the door to the apartment, Defendant
       BARON, without invitation or a warrant, walked into the apartment and then into
       Plaintiff's bedroom, where the Plaintiff was in his bed.

26.    Plaintiff, at Defendant BARON's direction, walked into the living room of the apartment,
       while BARON stepped outside to speak with the cab driver.

27.    Plaintiff and his mother heard BARON say to the cab driver, "Just say it's Richie,
       because either way I'm locking Richie up tonight."

28.    Defendant BARON walked back into the apartment and grabbed Plaintiff's left wrist and

4

attempted to pull Plaintiff to the front door.

29.    Plaintiff protested, saying he wanted to put his shoes on, while simultaneously Defendant

       BARON lost his grasp of Plaintiff's left wrist.

30.    As Plaintiff attempted to get his sneakers from his bedroom, Defendant BARON chased

       him from behind and slammed him into the door buck of his bedroom, he then slammed

       the Plaintiff into the wall, grabbed Plaintiff's right hand, bent it back behind the

       Plaintiff's back and up by his head and pinned the Plaintiff against the wall.

31.    Plaintiffs's mother was a witness to these events and when she protested that Defendant

       BARON was breaking her son's arm, in response the officer replied "I'll break both of his

       arms," and he then threw Mrs. Triano to the floor.

32.    While placing handcuffs on his right wrist, Defendant BARON bent the Plaintiff's left

       arm back, and he then spun the Plaintiff around, putting his leg between the Plaintiff's

       legs, while Plaintiff was handcuffed, and violently threw the Plaintiff to the floor, while

       thrusting his knees on top of Plaintiff's legs.

33.    The Plaintiff never attacked nor provoked the officer, Defendant BARON, nor did he

       offer to do so.  The Plaintiff made no aggressive moves whatsoever toward the officer.

34.    The Plaintiff was dragged from his home, across the front yard and thrown into the back

       of a police cruiser.

35.    The Plaintiff was taken to the police station of the Defendant POLICE DEPT., where he

       was kept in excess of two hours, before being allowed to leave with an Appearance

       Ticket for Theft of Services and Resisting Arrest.

36.    The criminal charges were disposed of in the Justice Court of Harrison, before the Hon.

       Ronald B. Bianchi, as a Violation.

37.     The next morning, the Plaintiff went to the Emergency Room of the White Plains
        Hospital.

38.     At all times mentioned herein, the Defendant Police Officers were performing under color
        of law and pursuant to the regulations, customs, procedures and/or policies of
        HARRISON and the POLICE DEPT.

39.     At no time material hereto had a crime been committed, nor did anyone involved have
        probable cause to believe, or even reason to suspect, that a crime had been committed.

40.     At all times material hereto, any reasonable law enforcement officer would know that the
        use of force and the application of gratuitous pain against a person who at the time posed
        no danger to himself, to any officer, or to any member of the public, is prohibited by the
        Fourth Amendment to the United States Constitution.

41.     The Plaintiff suffered severe and permanent physical pain and suffering, he has
        undergone multiple surgeries to his entire body, including his bones and joints, and he is
        suffering severe and continuing emotional distress and mental anguish.  These medical
        conditions are continuing and they have resulted in permanent injuries.

42.     The Plaintiff has been injured and damaged by the wrongful and unconstitutional actions
        of these Defendants.

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

43.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in
        paragraphs 1 through 42 of this Complaint with the same force and effect as though fully
        set forth herein.

44.     The wrongful stop, entry, search, seizure, trespass, harassment, assault, battery, abuse of

6

authority, abuse of process, threats and other wrongful acts conducted against the Plaintiff by the collective Defendants, their agents, employees and servants, were committed under color of law, customs, and statutes of the state of New York.

45. Under color of law, the Defendants, their agents, employees and servants deprived the Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, Equal Protection and Due Process.

46. The wrongful stop, entry, search, seizure, trespass, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts conducted against the Plaintiff constitutes a violation of the Plaintiff's rights, secured by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable, and unauthorized, as the defendants had a duty not to subject the Plaintiff to wrongful stops, searches, seizures, trespasses, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts.

47. The Defendants, their agents, employees and servants acted under color of law to deny the Plaintiff of his constitutional rights to due process and freedom from unreasonable search and seizure, by wrongfully stopping, entering, searching, seizing, trespassing, harassing, assaulting, battering, abusing authority, abusing process, threatening and violating other due process guarantees secured to the Plaintiff by the Fifth and Fourteenth Amendments to the United States Constitution.

48. In addition, the Plaintiff (a long time resident of Harrison) has been forced to believe that he is not protected and/or cannot go to the Defendant POLICE DEPT. in the event that he requires police protection/service/assistance.

7

49.    That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE

MILLION ($5,000,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
### 42. U.S.C. §1983
### UNREASONABLE FORCE AGAINST THE PLAINTIFF

50.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs 1 through 48 of this Complaint with the same force and effect as though fully

set forth herein.

51.    The collective Defendants used force against the Plaintiff.

52.    The Defendant BARON used force against the Plaintiff.

53.    The force used against the Plaintiff was disproportionate, excessive and unreasonable.

54.    The Plaintiff was not suspected of a crime.

55.    At the time the collective Defendants used force against him, the Plaintiff posed no

danger to himself, to the defendants, nor to anyone else.

56.    The collective Defendants knew that application of any force in circumstances such as

described above would be disproportionate, excessive and unreasonable.

57.    The Defendant BARONE knew that application of any force in circumstances such as

described above would be disproportionate, excessive and unreasonable.

58.    It was clearly established in the law at all times material hereto that the application of any

force in circumstances such as described above would be disproportionate, excessive and

unreasonable.

59.    The Plaintiff had a right to be free from the use of unreasonable force pursuant to the

guarantees of the Fourth Amendment to the United States Constitution.

60.    At all times material hereto, the right of the Plaintiff to be free from the use of

unreasonable force was clearly established.

61.   Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

62.   Specifically, any reasonable law enforcement officer would have been aware that the collective Defendants' conduct would violate clearly established constitutional rights, to wit: to be free from the use of excessive and unreasonable force applied under color of law by a state actor.

63.   That by the reason of the foregoing, the Plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983
## MUNICIPAL LIABILITY

64.   The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 62 of this Complaint with the same force and effect as though fully set forth herein.

65.   In actively inflicting and failing to prevent the above stated abuses incurred by the Plaintiff, the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal searches and seizure, physical abuse, trespass and due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §§ 1983, 1985 and by the Fourth, Fifth and Fourteenth Amendments to the Constitution.

66.   Both before and after July 2, 2006, Defendants HARRISON, and POLICE DEPT., have permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses of persons by its police officers.

67. Although such police conduct was improper, said incidents were covered up by HARRISON and the POLICE DEPT, its agents, employees and servants.

68. Said charges and official claims have been fully backed by HARRISON, and the POLICE DEPT., which have unreasonably sided with the abuse of persons so affected in nearly all cases, despite vast evidence of wrongdoing by its officers, including the Plaintiff herein.

69. Additionally, HARRISON, and the POLICE DEPT., have systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

70. Upon information and belief, specific systematic flaws in the HARRISON and the POLICE DEPT's misconduct review process include but are not limited to the following:

    a.    Preparing reports regarding investigations of unwarranted incidents as routine point-by point justification of the police officers actions regardless of whether such actions are justified;

    b.    Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

    c.    Police officers investigating incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

    d.    Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

    e.    Hastily accepting the polices' above as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

71. As a consequence of the Defendants' systematic practice, pattern, and custom of

intentionally promoting and supporting officers' and officials' violations of 42 U.S.C. § 1983, the Plaintiff was deprived of his freedom, intruded upon, and physically and emotionally harmed, to the extent of which he suffered from severe physical pain, sleeplessness, anxiety, insomnia, stress and stress related emotional distress, which all require medical attention.

72.     As a proximate cause of the collective HARRISON's and the POLICE DEPT.'s custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiff, said Plaintiff was subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional well being of the Plaintiff.

73.     In addition, Plaintiff (a long time resident of Harrison) has been forced to believe that he is not protected and/or cannot go to the POLICE DEPT., in the event that she requires police protection/service/assistance.

74.     That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## 42. U.S.C. § 1986

75.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 73 of this Complaint with the same force and effect as though fully set forth herein.

76.     The unlawful stop, entry, search, seizure, trespass, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts conducted against the Plaintiff by the collective defendants constituted abuse of process, abuse of authority, breach of

11

police procedures, violations of state and federal laws and violations of the Plaintiff's
Fourth, Fifth and Fourteenth Amendment rights.

77.    The Defendant officers, and each of them, negligently, recklessly and/or intentionally
       breached their duty under 42. U.S.C. § 1986 to prevent the commission of the civil rights
       violations perpetrated against Plaintiff, including violation of 42 U.S.C. §§ 1983 and
       1985, and substantive and procedural due process infractions.

78.    The Defendants, their agents, employees and servants knew or should have known that
       the stop, entry, search, seizure, harassment, assault, battery, abuse of authority, abuse of
       process, threats and other wrongful acts committed against Plaintiff violated his rights
       guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42. U.S.C.
       §§ 1983, 1985 and 1986.

79.    Each of the said Defendants had the authority, ability and concurrent duty under 42
       U.S.C. § 1986 to prevent the stop, entry, search, seizure, trespass, harassment, assault,
       battery, abuse of authority, abuse of process, threats and other wrongful acts against
       Plaintiff, yet neglected to prevent said violations from occurring, and further failed to
       intervene to protect or aid the Plaintiff when such violations did in fact occur.

80.    The Defendants and each of their failures to stop, prevent, investigate, and/or remedy
       these wrongful actions constitutes a breach of their duty to do so under U.S.C. § 1986.

81.    Said Defendants (individually and collectively) had the power to prevent the continued
       due process violations against Plaintiff, yet had failed to prevent or protect the Plaintiff
       from unwarranted, potential, and actual harm(s) he suffered.

82.    As a result of the failure of the collective Defendants to prevent the known violations
       stated above, the Plaintiff has suffered physical harm, extreme fear, personal humiliation

12

and degradation, emotional and psychological harm to the detriment of his health.

83.     That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE

MILLION ($5,000,000) DOLLARS.

**AS AND FOR THE FIFTH CAUSE OF ACTION**
**ASSAULT AND BATTERY**

84.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 82 of this Complaint with the same force and effect as though fully

set forth herein.

85.     Defendants intentionally battered and assaulted Plaintiff without lawful justification.

86.     Plaintiff did not voluntarily consent to said offensive contact with his person by the

collective Defendants.

87.     Plaintiff did not voluntarily consent to said offensive contact with his person by the

Defendant BARONE.

88.     By reason of the foregoing, Defendants committed assault and battery on Plaintiff and

Plaintiff has suffered loss and damage.

89.     That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE

MILLION ($5,000,000) DOLLARS.

**AS AND FOR THE SIXTH CAUSE OF ACTION**
**42. U.S.C. §§ 1983 & 1985 CONSPIRACY**

90.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 88 of this Complaint with the same force and effect as though fully

set forth herein.

91.     Defendants conspired together for the purpose of depriving Plaintiff of equal protection

of the laws, or of equal privileges and immunities under the laws.  Specifically,

Defendants conspired to deny Plaintiff of the right to be free from unlawful seizure, and assault without cause, like all citizens, and lied to cover this misconduct.

92. In furtherance of this conspiracy, Defendants deprived him of his right to be free from unlawful seizure guaranteed to all citizens under the Fourth Amendment.

93. By reasons of the foregoing, Plaintiff was injured in his person and suffered loss and damage.

94. That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## MONELL CLAIMS

95. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 93 of this Complaint with the same force and effect as though fully set forth herein.

96. Defendant HARRISON, their agents and servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees. In particular, the named individual Defendants herein; in that they failed to train them on how to control their tempers and exercise proper restraint and temperament; in that they failed to properly supervise how they dealt with situations such as the one described herein.

97. Defendant HARRISON has a pattern or practice of not conducting proper investigation and discipline of its officers for misconduct, thus allowing said officers, including the named Defendants herein, to engage in misconduct without fear of adverse consequences to themselves.

98. By reason of the foregoing, Plaintiff has suffered loss and damage.

99.    That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE

MILLION ($5,000,000) DOLLARS.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
### NEGLIGENCE

100.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 98 of this Complaint with the same force and effect as though fully

set forth herein.

101.    Defendants, collectively and individually, had an affirmative duty to follow and adhere to

known and established procedure(s) regarding entries, searches, including but not limited

to refraining from unlawful stops, entries, searches, seizures, trespass, harassment,

assaults, battery, abuses of process, threats and other wrongful acts that were committed

against Plaintiff.

102.    Defendants police officers all had an affirmative duty to follow and adhere to known and

established procedure(s) regarding entries, searches, including but not limited to

refraining from unlawful stops, searches, seizures, trespass, harassment, assaults, battery,

abuses of authority, abuses of process, threats and other wrongful acts that were

committed against Plaintiff.

103.    Defendants breached their aforementioned duties by performing a warrant-less and

unverified intrusive search in Plaintiff's residence despite Plaintiff's expressed protest.

104.    Defendants further breached their duties in failing to use the slightest amount of due care

in performing said warrant less, unlawful and intrusive search.

105.    Defendants' warrant-less and intrusive search of Plaintiff's premises was unreasonable as

a matter of fact and prevailing constitutional law.

15

106. Defendants further breached their duties by subjecting Plaintiff to harmful and offensive physical contact and threats while performing their unlawful and intrusive search of Plaintiff's home.

107. As a direct and proximate result of Defendants' breach of their respective duties, Plaintiff was caused to suffer severe physical, psychological/emotional and monetary damage/injuries including but not limited to severe physical pain, fear, anxiety, stress, humilation, intimidation, depression and medical fees/costs. The aforementioned injuries were foreseeable by Defendants and would not have been borne by Plaintiff, but for the negligent actions of the Defendants, collectively and individually.

108. That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
### NEGLIGENCE (VICARIOUS LIABILITY)

109. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 107 of this Complaint with the same force and effect as though fully set forth herein.

110. At all times relevant to this complaint, the Defendant officer was acting within the scope of his respective authority and/or acting in furtherance of the business of Defendants HARRISON, and the POLICE DEPT.

111. Defendants, collectively and individually, had an affirmative duty to follow and adhere to known and established procedure(s) regarding entries, searches, including but not limited to refraining from unlawful stops, searches, seizures, trespass, harassment, assaults, battery, abuses of authority, abuses of process, threats and other wrongful acts that were

16

committed against Plaintiff.

112.  Defendant police officers all had an affirmative duty to follow and adhere to known and established procedure(s) regarding entries, searches, including but not limited to refraining from unlawful stops, searches, seizures, trespass, harassment, assaults, battery, abuses of authority, abuses of process, threats and other wrongful acts that were committed against Plaintiff.

113.  Defendants breached their aforementioned duties by performing a warrant-less and unverified intrusive search in Plaintiff's residence despite Plaintiff's expressed protest.

114.  Defendants further breached their duties in failing to use the slightest amount of due care in performing said warrant less, unlawful and intrusive search.

115.  Defendants' warrant-less and intrusive search of Plaintiff's home was unreasonable as a matter of fact and prevailing constitutional law.

116.  All of the Defendants Officers' negligent, reckless, unlawful, unreasonable, and intentional actions were performed while Defendants were engaged in their assigned duties.  As such, said actions were necessary and/or incidental to their employment(s).

117.  As a direct and proximate result of Defendants' breach of their respective duties, Plaintiff was caused to suffer severe physical, psychological/emotional and monetary damage/injuries including but not limited to severe physical pain, fear, anxiety, stress, humiliation, intimidation, depression and medical fees/costs.  The aforementioned injuries were foreseeable by Defendants and would not have been borne by the Plaintiff, but for the negligent actions of the Defendants, collectively and individually.

118.  That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR THE NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

119.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in
        paragraphs 1 through 117 of this Complaint with the same force and effect as though fully
        set forth herein.

120.    Defendants by their collective actions as described above in paragraphs 1-111,
        demonstrated and exhibited a callous and indifferent disregard for the health, safety and
        well being of the Plaintiff.

121.    In light of the surrounding circumstances, including Plaintiff's health, age, presence of his
        mother, Defendants' intentional and negligent actions were extreme, outrageous, and/or
        calculated to cause harm to the Plaintiff.

122.    As a direct and proximate result of Defendants' actions, Plaintiff was caused to suffer
        severe physical, psychological/emotional and monetary damage/injuries including but not
        limited to severe pain, fear, anxiety, stress, humiliation, intimidation, depression and
        medical fees/costs, all of which were foreseeable by Defendants.

123.    That by reason of the foregoing, Plaintiff has been damaged in the sum of FIVE
        MILLION ($5,000,000) DOLLARS.

## PUNITIVE DAMAGES

124.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in
        paragraph 1 through 122 of this Complaint with the same force and effect as though fully
        set forth herein.

125.    The acts of the Defendants, and each of them, were willful, wanton, malicious and
        oppressive and were motivated solely by a desire to harm the Plaintiff, without regard for

18

Plaintiff's well being, and were based on a lack of concern and ill-will towards the

Plaintiff. Such acts therefore deserve an award of FIVE MILLION ($5,000,000)

DOLLARS as punitive damages.

**WHEREFORE,** Plaintiff demands judgment against defendants:

a.  On the First Cause of Action in the Sum of FIVE MILLION ($5,000,000)

   DOLLARS ;

b.  On the Second Cause of Action in the Sum of FIVE MILLION ($5,000,000)
   DOLLARS;

c.  On the Third Cause of Action in the Sum of FIVE MILLION ($5,000,000)

   DOLLARS;

d.  On the Fourth Cause of Action in the Sum of FIVE MILLION ($5,000,000)
   DOLLARS;

e.  On the Fifth Cause of Action in the Sum of FIVE MILLION ($5,000,000)

   DOLLARS;

f.  On the Sixth Cause of Action in the Sum of FIVE MILLION ($5,000,000)

   DOLLARS;

g.  On the Seventh Cause of Action in the Sum of FIVE MILLION ($5,000,000)
   DOLLARS;

h.  On the Eighth Cause of Action in the Sum of FIVE MILLION ($5,000,000)
   DOLLARS;

i.  On the Ninth Cause of Action in the Sum of FIVE MILLION ($5,000,000)

   DOLLARS;

j.  Punitive damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

k.  Declaratory Judgment that Defendants willfully violated Plaintiff's rights secured
   by federal and state law as alleged herein;

l.    Injunctive relief, requiring Defendants to correct all past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to violate federal and state law as alleged herein; and to order such injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

m.    An order granting such other legal and equitable relief as the court deems just and proper.

n.    An order awarding costs of this action, including attorney's fees to the Plaintiff.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and counts alleged herein.

Dated:    White Plains, NY
          December 15, 2010

Gash & Associates, P.C.
Attorneys for Plaintiff

_____/s/Gary Mitchel Gash_____
By: Gary Mitchel Gash, Esq. (GMG 2047)
235 Main Street, Suite 400
White Plains, NY 10601
(914) 328-8800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Index No.: 09 CIV 6319 (KMK)

RICHARD C. TRIANO,

                              Plaintiff,
          - against -

TOWN OF HARRISON, NY, P.O. STEPHEN
BARON, TOWN OF HARRISON POLICE
DEPT.,

                              Defendants.

---

## AMENDED COMPLAINT

---

**GASH & ASSOCIATES, P.C.**
**235 MAIN STREET 4ᵀᴴ FLOOR**
**WHITE PLAINS, NEW YORK 10601**
**(914)328-8800**

---

To                          Service of a copy of the within is hereby admitted.

                            Dated:...........................    .........

                            ..............................................................

Attorney(s) for             ..............................................................